IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD CRISS, AMANDA NAVIN, KRYSTAL RAMIREZ, COLLEEN MCMAHON-LEVINE, ANNE CUTSINGER, RONALD FINK JR., JOHN GILLES, DIANA MOCTEZUMA, and HEATHER SHELBY,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF DAKOTA, NEBRASKA, JAMES L. WAGNER, in his official and individual capacities, and RODNEY HERRON, in his official and individual capacities,<br><br>Defendants. | 8:09CV387<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendants' motions to dismiss, Filing Nos. No. 31, 33, and 38. This is an action for discrimination in employment under 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. §§ 1983 and 1985(3) ("the Civil Rights Act").

I. BACKGROUND

The plaintiffs are present and former employees of the Dakota County Jail. All of the plaintiffs allege that the defendants, individually and collectively, violated their rights to equal protection by offering and granting promotions and other job benefits in exchange for sex; treating employees differently because of their gender; and creating and maintaining a sexually hostile workplace. Further, they allege that defendants conspired to deprive them of their rights. Plaintiffs Gilles and Fink allege that the defendants' arbitrary and capricious conduct deprived plaintiffs of their rights to substantive due

process. Plaintiff Navin asserts an employment discrimination claim under title VII against Defendant County of Dakota, Nebraska ("the County").[1]

In the amended complaint, the plaintiffs allege common facts regarding sexual harassment and/or sexual discrimination. The amended complaint alleges widespread sexual favoritism. The plaintiffs allege that defendants Wagner and Herron promoted a sexually hostile work environment by allowing or permitting sexually offensive emails; by watching or allowing others to watch sexually explicit material on their computer screens; by making or permitting others to make lewd and offensive or inappropriate jokes, comments and remarks; by displaying lewd and sexually inappropriate photographs and pictures; and engaging in other similar conduct. Additionally, the plaintiffs allege defendants Herron and Wagner asked female employees for dates and granted female employees special privileges and benefits in hopes of developing sexual relationships with those employees. Plaintiffs McMahon-Levine, Criss, Gilles, and Fink allege they were treated differently than the co-workers who gave in to Wagner's or Herron's sexual advances or who engaged in sexual activity with Wagner or Herron.

Plaintiffs Cutsinger, McMahon-Levine, Criss, Gilles, and Fink allege that, although they were more qualified in terms of education and training for promotions, the promotions were routinely given to females who had sexual relationships with Herron and/or Wagner. Plaintiffs Fink and Gilles also complain of harassment by Herron that put them at risk for serious bodily injury, including shooting a pepper ball gun at or near them, throwing hand-sanitizer into their eyes, spraying pepper spray into an occupied restroom, and engaging

---

[1] The plaintiffs concede that the Title VII action can be pursued only against the County as Navin's employer.

in other forms of offensive or assaultive conduct. Plaintiff Navin alleges that she was constructively discharged and that she has completed all of the administrative prerequisites to suit under Title VII.

Further, the plaintiffs allege that the County, through its agents, servants and employees, particularly Wagner and Herron, discriminated against women by creating a sexually hostile work environment and thereby treated women differently than men. They also allege that the sexually hostile work environment was the result of a policy, custom or practice and that the County and its policy-makers had actual or constructive knowledge of the defendant officers' conduct. Additionally, they allege that the plaintiffs' concerns were reported to a Dakota County Commissioner. They further allege that Wagner and Herron retaliated against the female employees who spurned their advances and against those who complained to superiors about the behavior or "refused to countenance""the sexually hostile work environment.

Defendants Wagner and Herron, in their official capacities, and the County move to dismiss the equal protection claims asserted by plaintiffs Ramirez, Cutsinger, McMahon-Levine, Criss, and Fink; the retaliation claims asserted by all the plaintiffs; and the substantive due process claims asserted by plaintiffs John Gilles and Ronald Fink, Jr. Defendant Herron also moves to dismiss the plaintiffs' equal protection and substantive due process claims filed against him in his individual capacity. Defendant Wagner also asserts that the plaintiffs' complaint fails to state an equal protection claim against him in his individual capacity.

The defendants collectively raise several arguments. They argue that plaintiffs have failed to allege that the defendants' conduct affected a term or condition of employment.

Further, they argue that the allegations of the complaint do not give rise to a substantive due process claim.

## II. DISCUSSION

### A. The Law

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Erickson,* 551 U.S. at 94. The complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully).

Plaintiffs' "right to be free from gender discrimination is secured by the equal protection clause of the Fourteenth Amendment." *Tipler v. Douglas County, Neb.*, 482 F.3d 1023, 1027 (8th Cir. 2007); *Ottman v. City of Independence*, 341 F.3d 751, 756 (8th Cir. 2003) ("intentional gender discrimination in public employment by persons acting under color of state law violates the Equal Protection Clause of the Fourteenth Amendment").  Equal protection claims may be asserted under 42 U.S.C. § 1983.  *See, e.g., Mercer v. City of Cedar Rapids,* 308 F.3d 840, 844 (8th Cir. 2002).  Discrimination based on gender that creates a hostile or abusive working environment also violates § 1983.  *Weger v. City of Ladue,* 500 F.3d 710, 171 (8th Cir. 2007) (hostile work environment claims under Title VII and § 1983 are subject to the same analysis).  To state a claim for hostile environment discrimination, an employee must show:  (1) she belongs to a protected group; (2) she was subject to unwelcome harassment: (3) the harassment was based on race or disability; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take proper remedial action.  *McCown v. St. John's Health System, Inc.*, 349 F.3d 540, 542 (8th Cir. 2003).  An employment discrimination plaintiff need not plead a prima facie case of discrimination to survive a Rule 12(b)(6) motion because the *McDonnell Douglas* framework is an evidentiary standard, not a pleading requirement.  *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002).  Also, in the Eighth Circuit, claims for retaliation can be pursued under § 1983.  *King .v Hardesty,* 517 F.3d 1049, 1064 (8th Cir. 2008).

Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Parrish v. Ball*, 594 F.3d 993, 996 (8th Cir. 2010).  "Official-capacity suits, in

5

contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Graham,* 473 U.S. at 165-66 (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 n.55, 1978). An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Id.* at 166 (noting that "it is not a suit against the official personally, for the real party in interest is the entity").

Because vicarious liability is inapplicable to § 1983 suits, in order to establish liability under § 1983 against a defendant in his individual capacity, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution. *Parrish v. Ball,* 594 F.3d 993, 1001 (8th Cir. 2010); *Ashcroft v. Iqbal,* 129 S. Ct. at 1948. "Thus, 'each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.'" *Parrish,* 594 F.3d at 1001 (quoting *Iqbal,* 129 S. Ct. at 1949). To "establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham,* 473 U.S. at 166 (emphasis in original).

In contrast, because the governmental entity is liable in an official-capacity claim, a plaintiff must demonstrate that the entity's policy or custom played a part in the violation of the plaintiff's rights—"to sustain the action against [a Sheriff] in his official capacity, [the plaintiff] must prove that the county 'itself caused the constitutional violation at issue.'" *Parrish,* 594 F.3d at 997 (quoting *Elder-Keep v. Aksamit,* 460 F.3d 979, 986 (8th Cir. 2006); *see also Monell v. Department of Social Servs. of New York,* 436 U.S. 658, 694 (1978) (when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts an injury, the government as an entity can be held responsible under § 1983). Thus,

6

although government entities are not liable under section 1983 for an employee's actions under a theory of respondeat superior, the entity may be liable if the plaintiff can prove an official policy or a widespread custom that violated the law and caused the plaintiff's injury. *See Artis v. Francis Howell North Band Booster Ass'n, Inc.,* 161 F.3d 1178, 1181 (8th Cir. 1998). Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. *Board of County Comm'rs of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 403-04 (1997). "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404 (citing *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 668, 690-91 (1978).

Under 42 U.S.C. § 2000(e), the timely filing of a charge of discrimination with the EEOC is a prerequisite to the later commencement of a civil action in federal court. *Cobb v. Stringer,* 850 F.2d 356, 358 (8th Cir. 1988). The purpose of filing the charge is to provide the EEOC with an opportunity to investigate and attempt to resolve the controversy through conciliation before permitting the aggrieved party to pursue a lawsuit. *Id.* at 359. A Title VII plaintiff must also receive a "right to sue" letter from the EEOC in order to exhaust her remedies. *Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996).*

To establish a substantive due process violation in an employment context, plaintiffs must show that defendants acted arbitrarily and capriciously, or in a way that shocks the conscience. *Satcher v. University of Arkansas at Pine Bluff Bd. of Trustees,* 558 F.3d 731, 736 (8th Cir. 2009). Whether actions rise to this conscience-shocking level is contextual, depending in large part on the level of culpability of the defendants. *Sitzes v. City of West*

*Memphis Ark.,* 606 F.3d 461, 467 (8th Cir. 2010). Substantive due process liability is narrow, applying only to the most egregious conduct, and the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States. *Id.* Because the conscience-shocking standard is intended to limit substantive due process liability, it is an issue of law for the judge, not a question of fact for the jury. *Id.*

To state a claim for conspiracy to deprive an individual of civil rights, a plaintiff must allege that the defendants: (1) conspired (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. *Bogren v. Minnesota*, 236 F.3d 399, 409 (8th Cir. 2000); 42 U.S.C. § 1985(3). A plaintiff must then assert that one or more of the conspirators did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was "injured in his person or property" or "deprived of having and exercising any right or privilege of a citizen of the United States." *Id.* (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996)). The showing requires a plaintiff to prove an agreement between the conspirators, which can be satisfied by "pointing to at least some facts which would suggest that appellees reached an understanding to violate her rights." *Id.* (quoting *Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir.1996)). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (footnote omitted).

B. Analysis

The court first finds that plaintiff Navin has adequately stated a claim for discrimination under Title VII. She alleges that she has satisfied administrative prerequisites to suit. Further, the court finds that the plaintiffs have stated a plausible claim for deprivation of

8

federally-protected rights against the County and against defendants Herron and Wagner in their official and individual capacities under 42 U.S.C. § 1983. The allegations of the complaint are sufficient to state a claim for gender-based hostile environment and quid-pro-quo discrimination under § 1983. Plaintiffs John Gilles and Ronald Fink, Jr. allege conduct (use of a pepper-ball gun, spraying of pepper spray and throwing hand-sanitizer in their faces) that is severe or pervasive enough that a reasonable person would find it hostile or abusive.

Further, the plaintiffs have alleged conduct by defendants Herron and Wagner that could give rise to individual liability. The plaintiffs allege that defendants were acting under color of state law and that they deprived the plaintiffs of federal rights. Nothing more is required to allege personal liability. Also, the plaintiffs have adequately alleged the actions were taken by policy-makers or pursuant to official policy or custom and practice of the County.

The allegations of the complaint, however, do not rise to the conscience-shocking level so as to state a claim for violation of substantive due process rights. Similarly, the plaintiffs have failed to state a claim for a civil rights conspiracy. The plaintiffs have not alleged a class-based invidious discriminatory animus required to state a claim under § 1985(3). Further, the plaintiffs have failed to describe any meeting of the minds to support a viable conspiracy claim under section 1985(3). Accordingly, the court finds the defendants' motions should be granted with respect to the substantive due process and conspiracy claims and denied in all other respects.

IT IS ORDERED:

1. The motion to dismiss filed by defendants County of Dakota, James L. Wagner and Rodney Herron in their official capacities (Filing No. 31) is granted with respect to the plaintiffs' substantive due process and conspiracy claims and denied in all other respects.

2. The motion to dismiss filed by defendant Rodney Herron in his individual capacity (Filing No. 33) is granted with respect to the plaintiffs' substantive due process and conspiracy claims and denied in all other respects.

3. The motion to dismiss filed by defendant James L. Wagner in his individual capacity (Filing No. 38) is granted with respect to the plaintiffs' substantive due process and conspiracy claims and denied in all other respects.

DATED this 18th day of October, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

10