IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD CRISS, et al., ) | |
| ) | |
| Plaintiffs, ) | 8:09CV387 |
| ) | |
| vs. ) | ORDER |
| ) | |
| COUNTY OF DAKOTA, NEBRASKA, and ) | |
| JAMES L. WAGNER and ) | |
| RODNEY HERRON, in their official ) | |
| and individual capacities, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Motion to Sever the Claims of the Plaintiffs or for Separate Trials (Filing No. 36), filed by the defendants County of Dakota, Nebraska, and James L. Wagner (Wagner) and Rodney Herron (Herron) in their official capacities (collectively County Defendants), and the Joint Motion to Sever (Filing No. 40), filed by Wagner and Herron in their individual capacities (collectively Individual Defendants). The County Defendants filed a brief (Filing No. 37) and a reply brief (Filing No. 57) in support of their motion. The Individual Defendants filed a brief (Filing No. 41) and a reply brief (Filing No. 60) in support of their motion. The plaintiffs filed separate briefs (Filing Nos. 50 and 51) opposing the motions.

BACKGROUND

This is an action for discrimination in employment under 42 U.S.C. § 2000e (Title VII) and 42 U.S.C. § 1983 (Civil Rights Act). The plaintiffs are nine present and former employees of the Dakota County jail. The defendant Wagner was the Dakota County Sheriff and the defendant Herron was the Chief Deputy who managed the Dakota County jail. **See** Filing No. 7 - Amended Complaint ¶¶ 15-18.

The plaintiffs allege the defendants violated the plaintiffs' "civil rights by offering and granting promotions and other job benefits in exchange for sex; treating employees differently because of their gender; creating and maintaining a sexually hostile workplace;

by engaging in arbitrary and capricious conduct . . . and by engaging in . . . other illegal and improper conduct. . . ." *Id.* ¶ 2. Specifically, the plaintiffs allege the Individual Defendants "sent, or permitted to be sent, sexually offensive email messages; watched, or allowed others to watch, sexually explicit material on their computer screens; made, or permitted others to make, lewd and sexually inappropriate jokes, comments and remarks," among other things. *Id.* ¶ 22. Furthermore, the plaintiffs allege the Individual Defendants engaged, or attempted to engage, in sexual relationship with female employees, including some of the plaintiffs. *Id.* ¶¶ 23-27. The Individual Defendants allegedly granted employment favors to the female employees with whom they hoped to engage in sexual relationships, but retaliated against female employees who spurned the advances. *Id.* The plaintiffs allege the Individual Defendants abused the male employees by, for example, shooting pepper guns at or near them, throwing hand sanitizer in their eyes, and subjecting them to ridicule. *Id.* ¶ 28.

The defendants filed their motions to sever in April 2010 at the same time as filing motions to dismiss various of the plaintiffs' claims. On October 18, 2010, Chief Judge Bataillon granted the defendants' motions to dismiss with respect to the plaintiffs' substantive due process and conspiracy claims, but denied the motions in all other respects. **See** Filing No. 61. On November 1, 2010, the County Defendants filed an Answer denying liability for the allegations in the Amended Complaint. **See** Filing No. 62. However, the Individual Defendants filed motions to dismiss the Amended Complaint's Claim I, alleged by the plaintiff Amanda Navin for sexual harassment and a hostile work environment, and Claim III, alleged by all plaintiffs for a sexually hostile work environment against the Individual Defendants capacities, based on qualified immunity. **See** Filing Nos. 63 and 65.

The defendants seek to sever the plaintiffs' claims into smaller plaintiff subgroups. The defendants rely on the Federal Rules of Civil Procedure 20(a) and 21 to argue the claims are misjoined and should be severed. In the alternative, the defendants rely on Rule 42 to seek separate trials for the plaintiffs. The defendants argue the claims do not arise from the same occurrence, involve significantly different facts and evidence, and were misjoined. Specifically, the defendants argue the plaintiffs allege a wide range of adverse

employment actions at the hands of various supervisors against employees who worked during different time periods and who have unique work histories. Additionally, the defendants contend each type of adverse employment action alleged was a discrete act, precluding a finding of any common question of law or fact. Further, the defendants refute whether the plaintiffs can identify any single unifying policy or practice governing the allegedly improper conduct. For these reasons, the defendants contend each plaintiff will be required to present highly individualized facts, despite arguably similar general legal theories. The defendants assert the complex nature of each plaintiff's claim(s), if joined with diverse claims, creates inefficiencies for discovery and will be unnecessarily cumbersome. Finally, the defendants assert they will suffer prejudice if a joint trial is conducted because of the sensitive nature of the allegations and because each plaintiff does not have a claim against each defendant, which may create confusion for the jury and prejudice toward the defendants on some claims by association with other claims.

The plaintiffs argue the complaint alleges a pattern and practice of sexual harassment and sex-based discrimination, which permeated the working conditions in a way common to each plaintiff. **See** Filing No. 50 - Brief p. 5. The plaintiffs contend that the defendants are focusing on minor differences between the plaintiffs, rather than the basic similarities including that the harassment and widespread sexual favoritism took place at one location primarily by two supervisors, the Individual Defendants. *Id.* at 5-6, 11. The plaintiffs admit severance or separate trials may be appropriate depending on the outcome of discovery, which has yet to begin, but assert severance at this stage would be premature, causing duplicative discovery and increased costs. *Id.* at 6-7. The plaintiffs contend if severed, the nature of the claims would then call for the cases to be consolidated for discovery. **See** Filing No. 51 - Brief p. 11. In any event, the plaintiffs argue separate trials would result in overlapping underlying factual scenarios and duplication of testimony and exhibits. **See** Filing No. 50 - Brief p. 16. Furthermore, the plaintiff's assert the court is capable of limiting prejudice to the defendants by use of jury instructions. **See** Filing No. 51 - Brief p. 11.

## ANALYSIS

The defendants seek to sever the individual plaintiffs' claims based on the principle of misjoinder of parties (Fed. R. Civ. P. 20; Fed. R. Civ. P. 21) or separate the claims for trial under Fed. R. Civ. P. 42(b). In the alternative, the defendants propose separating the nine plaintiffs into six distinct groups. The plaintiffs deny severance or separation for trial is appropriate or warranted.

The Federal Rules of Civil Procedure provide mechanisms for joining more than one plaintiff in a lawsuit, including Rule 20, which states:

> Persons may join in one action as plaintiffs if:
> (A)  they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B)  any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20.

Initial joinder of the parties does not necessarily mean a joint trial with all such plaintiffs. Under the rule "[t]he court may issue orders--including an order for separate trials--to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." Fed. R. Civ. P. 20(b). Similarly, if the plaintiffs' complaint includes misjoinder of parties "the court may at any time, on just terms, add or drop a party. ***The court may also sever any claim against a party***." Fed. R. Civ. P. 21; ***Strandlund v. Hawley***, 532 F.3d 741, 745 (8th Cir. 2008). Rule 21 "authorizes severance of claims into distinct actions." ***Brooks v. District Hosp. Partners, L.P.***, 606 F.3d 800, 805 (D.C. Cir. 2010). Absent severance, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims. . . ." Fed. R. Civ. P. 42(b). Rule 42 "empowers district courts to order separate trials for different issues or claims but still regard the set of issues or claims as a single case." ***Brooks***, 606 F.3d at 805.

Whether the plaintiffs are permitted to proceed in one action or several is committed to the sound discretion of the district court. ***Alvarez v. City of Chicago***, 605 F.3d 445, 450

(7th Cir. 2010). Each party cites cases where federal courts either allowed joinder of several plaintiffs for trial or, alternatively severed the claims or required separate trials. **Compare** *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1122-24 (11th Cir. 2000) (holding trial court properly jointly tried eighteen plaintiffs' claims for race discrimination), abrogated on other grounds by *Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003), **and** *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974) (same for ten plaintiffs alleging race discrimination), **with** *Sheets v. CTS Wireless Components, Inc.*, 213 F. Supp. 2d 1279, 1286 (D. N.M. 2002) (holding three disability discrimination plaintiffs were improperly joined when their claims turned on distinct facts); *Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 517 (N.D. Ill. 2000) (holding five race discrimination plaintiffs failed to meet joinder requirements). The cases highlight the fact intensive nature of the inquiry.

The court finds the plaintiffs' claims are properly joined. The plaintiffs seek relief with respect the same transaction, occurrence, or series of transactions or occurrences. Additionally, the plaintiffs' claims include questions of law or fact common to all plaintiffs. The plaintiffs' claims are based on allegations of a pattern and practice of sexual harassment and sex-based discrimination, which permeated the working conditions in a way common to each plaintiff. The fact that the plaintiffs may have suffered different types of harm or were exposed to the alleged illegal practices in different ways is immaterial at this time. The plaintiffs show their claims present some common issues of law and fact. Although the plaintiffs are diverse with some having different causes of action and, in some cases, different defendants, the allegations in the complaint show many commonalities.

At this time, the court also finds the claims may be appropriate for joint trial. The case remains at an early stage of litigation as discovery has not yet begun. In fact, the defendants' arguments highlight why discovery is warranted before it will be known whether particular evidence may be relevant or admissible with respect one or more plaintiffs at the time of trial. The allegations in the complaint suggest a common experience among the plaintiffs despite their individual circumstances. The discovery and summary judgment processes will assist the parties and the court in determining the actual similarities and differences between the claims on their respective relevant merits. The defendants also

admit some efficiencies may be gained by joint discovery efforts based on the number of overlapping witnesses. **See, e.g.,** Filing No. 57 - Reply p. 8. In any event, the parties are free to tailor discovery requests to minimize redundancies and maximize efficiencies.

The record, at this time, shows the joinder of plaintiffs, as in the complaint, will promote judicial economy. Further, the defendants fail to show joint discovery or a joint trial will lead to inconvenience, inefficiency, undue expense, or unfair prejudice. Upon consideration,

**IT IS ORDERED:**

1. The Motion to Sever the Claims of the Plaintiffs or for Separate Trials (Filing No. 36) is denied for purposes of discovery and denied without prejudice with regard to trial.

2. The Joint Motion to Sever (Filing No. 40) is denied for purposes of discovery and denied without prejudice with regard to trial.

3. The parties shall have until **November 22, 2010**, to file their planning report as required by Fed. R. Civ. P. 26(f).

DATED this 8th day of November, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.