IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RICHARD CRISS, et al.,            )
                                  )
           Plaintiffs,            )        8:09CV387
                                  )
     v.                           )        ORDER
                                  )
COUNTY OF DAKOTA, NEBRASKA, et al.)
                                  )
           Defendants.            )

This matter is before the court on the plaintiffs' Motion to Extend Expert Witness Deadlines (Filing No. 196).  Upon the plaintiffs' representation that the motion is unopposed by the defendants, the court finds that the motion should be granted.

Paragraph 4 of the court's Order Setting Final Schedule for Progression of Case (Filing No. 134) is hereby amended as follows:

> **Disclosure of Expert Witnesses.**[1]  Each plaintiff, counter-claimant, and cross-claimant shall, as soon as practicable but not later than **November 16, 2011**, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. Each defendant, counter-defendant, and cross-defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but not later than **December 30, 2011**.  If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **January 30, 2012**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) **and** makes the expert witness available for deposition prior to the date set for completion of depositions.  Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e).  <u>The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph</u>.

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in a case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).

**IT IS SO ORDERED.**

DATED this 16th day of September, 2011.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge