# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RICHARD CRISS, AMANDA NAVIN f/k/a AMANDA RUHRER, KRYSTAL RAMIREZ, COLLEEN McMAHON-LEVINE, ANNE CUTSINGER, RONALD FINK, JR., JOHN GILLES, DIANA MOCTEZUMA, HEATHER SHELBY f/k/a HEATHER SKOW,** ) ) ) ) ) ) ) ) | **8:09CV387** <br><br><br><br> **JOINT PROTECTIVE ORDER** |
| **Plaintiffs,** ) | |
| vs. ) | |
| **COUNTY OF DAKOTA, NEBRASKA, JAMES L. WAGNER, RODNEY HERRON, in their Official and Individual Capacities,** ) ) ) ) | |
| **Defendants.** ) | |

This matter is before the court on the plaintiff's Motion for Protective Order (Filing No. 217), which Plaintiffs Richard Criss, Amanda Navin f/k/a Amanda Ruher, Ronald Fink, John Gilles, Diana Moctezuma, Heather Shelby f/k/a Heather Skow and Defendants James L. Wagner, Rodney Herron and County of Dakota, Nebraska agree should be entered to govern all Confidential Information produced or to be produced in this case, and the Court being of the opinion that this Order should be entered; it is therefore, ORDERED, that with regard to any Confidential Information produced by any party in connection with the above-captioned case:

1. "Confidential Information" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Confidential--Subject to Protective Order." For purposes of this Order the personnel files of Defendants' employees, e-mails of non-parties and contents of the

employment policy and procedure manuals of non-parties shall be treated as "Confidential Information" regardless of whether the documents are so designated. For purposes of this Order, the term "document" means all written, recorded or graphic or electronic material, whether produced or created by a party or another person, whether pursuant to the Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, extracts, correspondence, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection which may be accorded status as Confidential Information, but, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from that not entitled to protection.

2. In accordance with paragraph no. 1, above, the party providing Confidential Information must, at the time of production, mark or designate as "Confidential Information" such documents or discovery materials, or types or categories of such discovery materials, as the providing party believes are confidential. If a document is not marked confidential when initially produced, a party shall have up to fourteen (14) days from the date of initial production to so designate.

3. A party receiving Confidential Information, may, within sixty (60) days of receiving such Information, provide written notice to the providing party that the receiving party denies that certain documents or other materials marked as Confidential Information, are entitled to such status and protection. To maintain Confidential Information status, the proponent of confidentiality shall, within thirty (30) days of receiving such written notice, apply to the Court for protection, showing by a preponderance of the evidence, that there is good cause for the documents or other materials to have such protection. Unless the receiving party provides

written notice challenging Confidential Information status, as set forth above, all such Information, so marked, shall be deemed to be Confidential Information.

4.  The parties, including their counsel, shall not give, show or otherwise divulge any Confidential Information, including any copies, prints, negatives, or summaries or extracts thereof, or the contents thereof, to any entity or person except their employees, experts and consultants employed and retained by them or their counsel in connection with this specific action.

5.  The experts and consultants of the parties to this action to which such Confidential Information is intended to be presented, shall first be presented with a copy of this Protective Order.

6.  Persons may be deposed regarding confidential documents of which they have knowledge. All transcripts of said depositions containing confidential documents shall be treated in accordance with this order.

7.  All transcripts, depositions, exhibits, pleadings or other documents made, taken or filed with the Court in connection with discovery or pre-trial proceedings which contain or otherwise set forth "Confidential Information" or any portion thereof, which has been previously designated as comprising or containing "Confidential Information," shall likewise be subject to this Protective Order. Any such transcripts, depositions, exhibits, pleadings or other such documents containing such "Confidential Information," which are filed with the Court shall follow the procedures set forth in NECivR 5.0.3.

8.  Within sixty (60) days after the conclusion of this litigation, any originals or copies of "Confidential Information," produced by the providing party, and copies, summaries and extracts thereof, shall be returned to the providing party except for those materials which are

offered or received in evidence during a trial of this matter.  Alternatively, a party may destroy those documents after consultation with the providing party, in which event such party shall provide the providing party with a letter stating that such party has complied with the provisions of this paragraph and has not retained any originals or copies of the Confidential Information.

9.  The failure of any party to enforce at any time any provision of this Protective Order shall not be construed as a waiver of such provision, nor be construed in any way to affect the validity of this Protective Order or any part hereof or the right of any party thereafter to enforce each and every such provision.  No waiver of any breach of this Protective Order shall be held to constitute a waiver of any other breach.

10.  In the event that any party or their counsel receives a subpoena, legal process, or court order seeking disclosure of any information designated as "Confidential Information," such person shall provide immediate notice to the providing party in a manner reasonably calculated to provide the providing party the opportunity to protect the confidentiality of the information involved.

**IT IS SO ORDERED.**

DATED this 26th day of October, 2011.

BY THE COURT

s/Thomas D. Thalken
United States Magistrate Judge